# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRUCE TERRELL DAVIS, JR.,**

**Plaintiff,**

v.                                             Case No. 18-CV-465

**SUSAN HARRISPETERS and
J. LUTSEY,**

**Defendants.**

---

# ORDER

---

Plaintiff Bruce Terrell Davis, Jr., a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983. Davis alleges that the defendants Susan Harrispeters and J. Lutsey violated, and continue to violate, his civil rights by delaying his medical treatment. (ECF No. 1.) He asserts that they have failed to follow the recommendations of two doctors to schedule him for an appointment to see a back specialist for his spine condition. *Id*. Davis has also filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 2). This order resolves Davis's motion and screens his complaint.

**I.	Motion to Proceed Without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this case because Davis was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id*.

On April 3, 2018, the court ordered Davis to pay an initial partial filing fee of $8.57. (ECF No. 6.) Davis paid that fee on April 19, 2018. Therefore, the court will grant Davis's motion for leave to proceed without prepayment of the filing fee (ECF No. 2). Davis must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.	Screening the Plaintiff's Complaint**

*A. Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 Davis must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Davis's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B. *Plaintiff's Allegations*

Davis alleges that he suffers from "[spondylolysis] and grade I spondylolisthesis, which [are] conditions in which a break in both sides of the ring allows the body of the

vertebra to slip forward." (ECF. No. 1 at 2.) He states that surgery is required in severe cases and that he had two MRI's to determine whether he needs surgery.

Prior to being transferred to Green Bay Correctional Institution (GBCI) from Fox Lake Correctional Institution (FLCI), Davis states that he was scheduled for an appointment to see a physiatry doctor for his condition and the pain associated with it per the recommendation of UW neurosurgeon Dr. Mann. That appointment was cancelled due to Davis's transfer and flagged for rescheduling upon his arrival at GBCI.

When he arrived at GBCI, Davis informed defendants Harrispeters and Lutsey of his condition and that his appointment with a physiatrist was to be rescheduled. At some point, however, he was sent to a hospital for another MRI, after which Dr. Douglas Chyatte recommended that he be "referred to a pain and spine doctor/physiatry doctor." *Id*. at 3.

Defendants have told Davis that "no off-site psychiatry appointment has been recommended or ordered." *Id*. at 4. Davis has constantly complained about the situation and states that he is unable to participate in daily activities because of the popping in his lower back and slippage of his vertebra. If not treated with off-site professional attention, Davis states that his condition could result in paralysis.

Plaintiff seeks injunctive relief and punitive and compensatory damages.

*C. Analysis*

Davis alleges that the defendants have and are continuing to violate his Eighth Amendment rights. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.' " *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Srv.*, 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," *id.*, or they "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citation omitted), then they violate the Constitution. A claim based on deficient medical care must demonstrate, 1) an objectively serious medical condition or serious harm, and 2) an official's deliberate indifference to that condition or harm. *Id*. at 834; *Arnett*, 658 F.3d at 750.

The Seventh Circuit Court of Appeals has held that serious medical needs encompass not only conditions that are life-threatening or that carry risks of permanent, serious impairment if left untreated but also those in which the deliberately indifferent withholding of medical care results in needless pain and suffering. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Davis has alleged that it has twice been recommended that he be referred to a physiatrist for his "[spondylolysis] and grade I spondylolisthesis," but defendants have not scheduled him for an appointment with one nor has he been seen by one. He states he continues to be in pain. The court finds

5

this allegation is sufficient to support the first element of Davis's deliberate indifference claim.

With regard to the subjective, second element of his claim of deliberate indifference, the Supreme Court has held that deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Inadvertent error, negligence, gross negligence or even ordinary malpractice are insufficient grounds for invoking the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Deliberate indifference in the denial or delay of medical care is evidenced by a defendant's actual intent or reckless disregard. Reckless disregard is characterized by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

Davis alleges that he not only made the defendants aware of this condition and referred them to his medical records that were transferred with him from FLCI to GBCI, but the defendants were also provided with recommendations from two different off-site doctors referring Davis to a physiatrist for his back pain. According to Davis, the defendants disregarded and continue to disregard the recommendation. The court finds that Davis has sufficiently alleged the second element of a claim of deliberate

indifference against the defendants. He may, therefore, proceed with his Eighth Amendment claim of deliberate indifference against defendants Harrispeters and Lutsey.

III.     **Conclusion**

The court **ORDERS** that Davis's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of Davis's complaint and this order to the Wisconsin Department of Justice for service on defendants Harrispeters and Lutsey.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendants Harrispeters and Lutsey to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of Davis shall collect from his institution trust account the $341.43 balance of the filing fee by collecting monthly payments from Davis's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number

assigned to this action. If Davis is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Davis is confined.

The court **ORDERS** that the parties may not begin all other discovery until after the court enters a scheduling order setting deadlines for such discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, Davis shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Davis is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises Davis that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 18th day of July, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge